IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–02662–MSK–KMT

HOME DESIGN SERVICES, INC.,

    Plaintiff,

v.

STONE CREEK HOMES, INC.,
LAUREN J. WHITE,
ROBERT A. WHITE,
WOODROW CAPPS, and
CAROL CAPPS

    Defendants.

## AMENDED ORDER

This matter is before the court on "Plaintiff's Motion to Amend Complaint and Memorandum of Law in Support Thereof." ([Doc. No. 38] [filed September 9, 2009] [hereinafter "Mot."].) Defendants Stone Creek Homes, Inc., Lauren J. White, and Robert A. White (hereinafter "Defendants") filed their Response on September 28, 2009. ([Doc. No. 40] [hereinafter "Resp."].) Defendants Woodrow Capps and Carol Capps do not oppose the relief requested by Plaintiff. (Mot. at 1.)

This case involves allegations that Defendants constructed a home using Plaintiff's copyrighted architectural designs without authorization. (*Id*. at 3.) Plaintiff seeks to amend the Complaint to supplement its allegation of direct liability with two paragraphs separately alleging indirect liability; i.e. contributory and vicarious liability. (*Id*. at 5; Proposed Am. Compl., Doc.

No. 38-2 at 3.)  Defendants oppose the Motion to Amend on the basis of untimeliness, futility, and undue prejudice.  (Resp.)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."  Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).  Further, the Supreme Court guides:

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep . . . may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

*1.     Timeliness*

Defendants first contend the Motion should be denied because it was untimely filed.  (Resp. at 5–8.)  The deadline to amend pleadings in this matter was May 18, 2009.  (Sched.

Order, Doc. No. 22 at 6.)  Plaintiff filed the present Motion on September 9, 2009.  (Mot.)  Since Plaintiff filed the Motion to Amend the Complaint nearly four months after the deadline to amend pleadings had passed, Plaintiff's Motion is untimely.

"It is well settled in this circuit that untimeliness alone is a sufficient reason to deny leave to amend."  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1366 (10th Cir. 1993) (internal citations omitted).  In the Tenth Circuit, whether a delay is "undue" depends "primarily on the reasons for the delay."  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 (10th Cir. 2006).  "[D]enial of leave to amend is appropriate 'when the party filing the motion has no adequate explanation for the delay.' "  *Id*. at 1206 (quoting *Frank*, 3 F.3d at 1365–66).  Thus, the court turns to whether Plaintiff has put forth an adequate explanation for its delay in filing the present Motion.

Plaintiff states it did not separately plead indirect theories of copyright infringement because it believed the present Complaint was "broad enough to give notice of all plausible theories, whether direct or indirect."  (Mot. at 3.)  Plaintiff explains that it has been its counsel's firm's general policy to file complaints alleging copyright infringement without any express or direct allegations at all.  (*Id*. at 7.)  Plaintiff states those complaints, "which [were] nearly identical to that pending in this case, have been broad enough to permit [Plaintiff's] counsel's firm to argue vicarious liability" without specifically alleging the same in the complaint.  (*Id*.)  Nonetheless, Plaintiff states that on August 25, 2009, after the amendment deadline, Defense counsel informed Plaintiff of its position that theories of indirect liability must be specifically alleged in the Complaint in order to proceed.  (*Id*. at 5.)  Consequently, Plaintiff claims it filed the present Motion merely "in an abundance of caution."  (*Id*.)

The original Complaint ([Doc. No. 1] [filed December 8, 2008] [hereinafter "Compl."]) states, "the Defendants infringed said copyright by advertising, designing, and constructing one or more residences which were copied largely or were exact duplicates of the 2597." (Compl. at 3.) Plaintiff's allegation fails specify the theory of liability applicable to each of the five named defendants. However, whether or not these Defendants will ultimately be held liable for copyright infringement, the fact that they constructed the home at issue in this action is undisputed. (Resp. at 3, 9–10.) While greater specificity is clearly preferable, the court finds Plaintiff's broad allegation sufficient to provide notice of Plaintiff intention to pursue direct and/or indirect theories of liability. That Plaintiff assumed the same was both plausible and reasonable.

Indeed, "[t]he purpose of 'fact pleading,' as provided by Fed. R. Civ. P. 8(a)(2), is to give the defendant fair notice of the claims against him without requiring the plaintiff to have every legal theory or fact developed in detail before the complaint is filed and the parties have opportunity for discovery." *Id*. at 1091 (citing WRIGHT & MILLER, §§ 1215, 1219, at 136–147, 188–194). Defense counsel had such notice since, according to Plaintiff, upon learning of Plaintiff's intention to pursue indirect theories of liability, Defense counsel admitted that he was aware Plaintiff would be making such arguments "all along." (Mot. at 5.) Furthermore, "[a]s a general rule, a plaintiff should not be prevented from pursuing a valid claim just because she did not set forth in the complaint a theory on which she could recover, 'provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits.' " *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090–91 (10th Cir. 1991) (quoting 5

4

C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 1219 at 194 (1990)). Discovery has not yet closed and this case is in the early stages of litigation. Additionally, as will be discussed in greater detail below, Defendants cannot point to any prejudice resulting from Plaintiff's admittedly untimely amendments. Accordingly, the court finds that Plaintiff has put forth an adequate explanation for its delay in filing the Motion to Amend the Complaint. The court declines to disallow the amendments on the basis of their untimely filing.

### 2. *Futility*

An amendment to a complaint is futile only if the plaintiff can prove no set of facts in support of his amendment that would entitle him to relief. *See, e.g., Beckett v. United States*, 217 F.R.D. 541, 543 (D. Kan. 2003). "Although Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson County Sch. Dist. v. Moody's Investor's Services*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992). To withstand a motion to dismiss, the complaint, when taken as true and in the light most favorable to the plaintiff, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Consequently, the issue in resolving a motion to amend, when futility of amendment is argued, is " 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.' "

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Defendants argue the proposed amendments are futile because "Plaintiff cannot put forth a set of facts which would entitle it to pursue" claims of indirect liability against Defendants. (Resp. at 13.)  In order to prove contributory copyright infringement, Plaintiff must show Defendants intentionally induced or encouraged direct infringement. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005).  In order to prove vicarious copyright infringement, Plaintiff must show Defendants "profit[ed] from direct infringement while declining to exercise a right to stop or limit it." *Id.*  In the Proposed Amended Complaint, Plaintiff set out alternative theories of liability.  Plaintiff alleges HDS is the owner of the copyrighted house plans, the HDS-2597, at issue. (Proposed Am. Compl., ¶¶ 10–13.)  Plaintiff further alleges Defendant Stonecreek constructed a residence copied from the HDS-2597. (*Id.*, ¶ 14.)  Plaintiff further alleges Defendant Stonecreek "had the right and ability to supervise the infringing activity, and [had] a direct financial interest in the infringing activity." (*Id.*, ¶ 16.)  Accepting Plaintiff's version of the admittedly sparse facts as true, the court finds the Proposed Amended Complaint contains sufficient factual matter to state a claim to relief that is plausible on its face. *See Iqbal*, 129 S. Ct. at 1949.

Defendants strenuously argue they had no involvement in the alleged initial copyright infringement and point to their own responses to Plaintiff's discovery requests to show that Plaintiff lacks evidence showing otherwise. (Resp. at 12.)  However, that Defendants present facts in interrogatory answers does not mean those facts are undisputed.  This is especially true

since Plaintiff has yet to take any depositions in this case and discovery has yet to close. (Reply at 2.) Furthermore, the court will not look beyond the operative pleading to weigh the facts and evidence at this stage and resolve disputes between the parties. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The court will leave the question of whether Plaintiff is entitled to recovery to be decided on a fully-briefed dispositive motion, if any, or at trial. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *See Foman*, 371 U.S. at 182.

### *3.     Prejudice*

Prejudice under Rule 15 "means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." *Deakyne v. Commissioners of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969); *see, also, LeaseAmerica Corp. v. Eckel*, 710 F.2d 1470, 1474 (10th Cir. 1983). The party opposing the amendment of the pleadings has the burden of showing prejudice. *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (8th Cir. 1977). The prejudice with which the Rule is concerned is the prejudice to the party's ability to prosecute or defend.

Defendants claim "the proposed amendment[s] [are] pointless, as well as extremely prejudicial to the Defendants in having to expend the time and money necessary to respond to the Plaintiff's motion." (Resp. at 11.) Thus, Defendants appear to suggest the Motion itself causes them prejudice by requiring them to expend time and money to respond. However, Defendants fail to explain why Plaintiff's *proposed amendments* are prejudicial to their ability to

defend in this action.  Indeed, the word "prejudice" does not appear anywhere else in Defendants' Response.  Furthermore, as noted above, Plaintiff's allegation concerning Defendants' liability was sufficiently broad to, and in fact did, place Defense counsel on notice that Plaintiff would pursue indirect theories of liability prior to the time the present Motion was filed.  (Mot. at 5.)

Defendant has failed to show undue delay, futility or how the proposed amendments would prejudice its ability to defend in this action.  Defendant not argued bad faith, dilatory motive, or repeated failure on the part of Plaintiff to cure deficiencies by amendments previously allowed, nor does the court find any indication of the same.  It is therefore

ORDERED that "Plaintiff's Motion to Amend Complaint and Memorandum of Law in Support Thereof" (Doc. No. 38) is GRANTED.  The court directs the Clerk of Court to file the "Amended Complaint" and its exhibits attached to the motion (Docs. No. 38-2, 38-3, 38-4).

Dated this 13th day of November, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge